UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ASAF PARAN,
6612 Bonnie Ridge Drive,
Apartment T-1,
Baltimore, MD 21209,

Plaintiff,

v.

MICHAEL B. MUKASEY, Attorney General of the United States, in his official capacity as well as his successors and assigns,
U.S. Department of Justice,
950 Pennsylvania Avenue, N.W.,
Washington, D.C. 20530-0001,

and

ROBERT S. MUELLER, III, Director, Federal Bureau of Investigation, in his official capacity, as well as his successors and assigns,
J. Edgar Hoover Building,
935 Pennsylvania Avenue N.W.,
Washington, DC 20535-0001,

and

JONATHAN SCHARFEN, Acting Director, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity, as well as his successors and assigns,
20 Massachusetts Avenue, N.W.,
Suite 5110,
Washington, DC 20529,

and

PAUL E. NOVAK, Director, Vermont Service Center, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns,
75 Lower Welden Street,
Saint Albans, VT 05479,

and

COMPLAINT FOR WRIT OF MANDAMUS AND FOR EQUITABLE RELIEF

CIVIL ACTION NO.

ALIEN NO. A97 153 695

AGENCY CASE NO. EAC0317451177

REQUEST FOR ORAL ARGUMENT

**Gregory Collett, District Director, Baltimore Field Office, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in his official capacity as well as his successors and assigns, 31 Hopkins Plaza, Suite 700, Baltimore, MD 21201,** )

**Defendants.**

**COMPLAINT FOR WRIT OF MANDAMUS AND EQUITABLE RELIEF**

**To the Honorable Judges of Said Court:**

COMES NOW, Plaintiff, Asaf Paran, through his undersigned counsel, and alleges as follows:

**I. INTRODUCTION**

1. This is a civil action seeking mandamus and equitable relief based upon the failure of the Federal Bureau of Investigation ("FBI") to complete Plaintiff's National Name Check Program clearance, which has unreasonably delayed any adjudication of the I-485 Application for Adjustment of Status, which was filed by Plaintiff, pursuant to §245 of the Immigration and Nationality Act, 8 U.S.C. §1255 ("INA"), on **May 12, 2003**. *See*, Affidavit of Asaf Paran, dated July 24, 2008, a copy of which is attached and incorporated hereto as "Exhibit A."

2. Plaintiff seeks to compel Defendants Attorney General Mukasey and FBI Director Robert Mueller, and those acting under their direction, to complete Plaintiff's FBI National Name Check Program clearance (generating a "FBIQUERY System" response), which is required before the U.S. Citizenship and Immigration

Service ("USCIS") can adjudicate this I-485 Application, pursuant to §245 of the INA, the Mandamus and Venue Act (28 U.S.C. §1361) ("Mandamus Act"), 8 U.S.C. §1101 (INA), 8 U.S.C. §1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), and the Administrative Procedures Act (5 U.S.C. §551 and §701, et seq.) ("APA").

3. Attorneys fees and costs are entitled to Plaintiff pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412(d), *et seq.*[1]

**II. PARTIES**

4. Plaintiff, Asaf Paran, is an adult individual who is a national of Israel and resides lawfully in the United States. He resides at 6612 Bonnie Ridge Drive, Apartment T-1, Baltimore, MD 21209. *See*, Exhibit A.

5. Michael B. Mukasey is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns. He is generally charged with enforcement of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice. More specifically, Mr. Mukasey is responsible for overseeing the FBI's National Name Check Program ("NNCP"), which is mandated by Executive Order No. 10450. Presently, every intending immigrant must complete an FBI NNCP screening before an adjustment application filed on his or her behalf

---

[1] *See*, Elkhatib v. Bulger, 2006 U.S. Dist. LEXIS 60485 (S.D. Fla. 2006) (fees granted after a plaintiff succeeded in his mandamus action seeking to compel the USCIS to adjudicate his adjustment application) and Aboushaban v. Mueller, 2007 U.S. Dist. LEXIS 15402 (N.D. Cal. 2006) (fees granted after the Court granted a plaintiff's writ of mandamus and ordered the USCIS to adjudicate his adjustment application).

can be approved. *See*, 22 C.F.R. §42.67(c)(2).

6. Robert S. Mueller, III, is the Director of the FBI and is named herein only his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings. The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, NW, Washington, DC 20535-0001.

7. Jonathan Scharfen is the Acting Director of the USCIS, who is named herein only his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate such powers and authority to subordinate employees of the USCIS. USCIS is specifically assigned the adjudication of applications for adjustment of status. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529.

8. Defendants Mukasey, Scharfen, and Mueller are federal officers and agency heads who perform a significant amount of their official duties in the District of Columbia.

9. Paul E. Novak is the Director of the Vermont Service Center ("VSC") of the USCIS and is named herein only in his official capacity, as well as his successors and assigns. The Adjustment Application in question was properly filed on Plaintiff's behalf with the VSC and, subsequently, transferred to the USCIS Baltimore Field Office.

10. Gregory Collett is the District Director of the Baltimore Field Office of the USCIS and is named herein only in his official capacity, as well as his successors

and assigns. The Adjustment Application in question was transferred to the Baltimore Field Office, and that office has retained his application for over five (5) years and two (2) months without adjudication. USCIS, through its headquarters in Washington, D.C., any of its four (4) service centers, National Benefits Center, numerous Field Offices, numerous Sub-Offices, and Application Support Centers, has a mandatory duty to act on this delayed I-485 Adjustment of Status Application within a reasonable period of time.

**III. JURISDICTION**

11. This Honorable Court has subject matter jurisdiction over this Complaint under the Constitution and laws of the United States, including the Fifth Amendment to the U.S. Constitution,[2] provisions of Title 8 U.S.C. §1101, *et seq.* (INA), 8 U.S.C. §1571 ("The Immigration Services and Infrastructure Improvements Act of 2000"), 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1361 (Mandamus Act), 28 U.S.C. §1651 (All Writs Act) as well as under 5 U.S.C. §555 and 701, *et seq.* (APA). Relief is requested pursuant to the U.S. Constitution and these statutes.

12. When Congress enacted The Immigration Services and Infrastructure Improvements Act of 2000, it set the period of one-hundred-and-eighty days (180) as the normative expectation for the government to complete the processing of an immigrant benefit application. This 180 day period, which begins upon the initial filing of the application, is considered a **reasonable processing time**. *See*, 8

[2] The U.S. Supreme Court reminds us that, "the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *See*, Zadvydas v. Davis, 533 U.S. 678, 679 (2001)

U.S.C. §1571 and Konchitsky v. Chertoff, 2007 U.S. Dist. LEXIS 53998 at 11-15 (N.D. Cal. July 13, 2007)

13. **Plaintiff's I-485 Application has therefore been pending four (4) years and eight (8) months longer than is considered reasonable** under 8 U.S.C. §1571.

14. This action is filed in response to unreasonable agency delay and failure to complete Plaintiff's FBI NNCP screening and issue a "FBIQUERY System" response to the USCIS, which has unreasonably prevented the adjudication of Plaintiff's Adjustment Application, in violation of the APA. Plaintiff merely seeks to compel FBI action on an unreasonably delayed NNCP screening. **Plaintiff does not seek review of a discretionary decision rendered or act by non-FBI Defendants, including any action on the part of Defendant USCIS.**

15. There are no administrative remedies available to Plaintiff to redress his grievances described herein. As described more fully below, Plaintiff has contacted the USCIS' National Customer Service Center, the USCIS Baltimore District Office, U.S. Senator Paul Sarbanes, and U.S. Senator Benjamin L. Cardin. He also attended an Infopass appointment at his local USCIS Field Office.

16. Plaintiff's instant action challenges only the reasonableness of Defendants' delay or inaction in the completion of his NNCP screening and transmission of a "FBIQUERY System" response to the USCIS, not the grant or denial of the I-485 Application; therefore, the jurisdictional limitations of 8 U.S.C. §1252 do not apply.

17. This Court, in an opinion by U.S. District Judge Emmet G. Sullivan, has specifically held that it has subject matter jurisdiction to hear a similar cause of action under the APA filed by an alien whose I-485 adjustment application had been pending since July 23, 2003. *See*, Liu v. Novak, 509 F.Supp. 2d 1, 13 (D.D.C. Aug. 30, 2007)

18. As noted in Judge Sullivan's opinion, there is significant district court authority holding that subject matter jurisdiction is appropriate for judicial review of an **agency's failure to take action** or to review the pace of adjustment application processing. Id., at 11-12. *See also*, Tang v. Chertoff, 2007 U.S. Dist. LEXIS 64022 at *14-19 (E.D. Ky. Aug, 29, 2007) (**granting a preliminary injunction and writ of mandamus** after finding that USCIS had a non-discretionary duty to process plaintiff's I-485 applications); Xu v. Chertoff, 2007 U.S. Dist. LEXIS 55215 at *2 (E.D. Mich. July 31, 2007) (duty to process I-485 applications within a reasonable time is a **non-discretionary duty** imposed by the APA and reviewable through the mandamus statute); Yan Yang v. Gonzales, 2007 U.S. Dist. LEXIS 42143 at *6 (S.D. Oh. June 11, 2007) (a complaint invoking the court's **mandamus jurisdiction** to compel resolution of I-485 application was appropriate); Song v. Klapakas, 2007 U.S. Dist. LEXIS 27203 at *10 (E.D. Pa. April 12, 2007) (**mandamus jurisdiction** is appropriate because defendants owe plaintiffs a **non-discretionary duty** to act on their adjustment of status applications in a reasonable time); Saleem v. Keisler, 2007 U.S. Dist. LEXIS 80044 at *37 (W.D. Wisc. Oct. 26, 2007) (USCIS ordered to adjudicate adjustment application within 60 days); Jin v. Heinauer, 2007 U.S. Dist. LEXIS 89214 at *12-13 (S.D. Ohio Dec. 4, 2007) (USCIS ordered to adjudicate adjustment application within 90 days); Gershenzon v. Gonzales, 2007 U.S. Dist. LEXIS 68600 (W.D. Pa. Sept. 17, 2007) (motion to dismiss denied where USCIS had

not adjudicated an adjustment application for more than three years due to an incomplete FBI NNCP screening); Liu v. Chertoff, 2007 U.S. Dist. LEXIS 50173 (E.D. Cal. July 11, 2007) (two-and-a-half year delay); Okunev v. Chertoff, 2007 U.S. Dist. LEXIS 53161 (N.D. Cal. July 11, 2007) (more than a three year delay); Quan v. Chertoff, 2007 U.S. Dist. LEXIS 44081 (N.D. Cal. June 7, 2007) (unreasonable delay); Singh v. Still, 470 F.Supp. 2d 1064, 1072 (N.D. Cal. 2007) (nearly a four year delay); Aboushaban v. Mueller, 2006 U.S. Dist. LEXIS 81076 (N.D. Cal. 2006) (an approximate eight year delay); Salehian v. Novak, 2006 U.S. Dist. LEXIS 77028 (D. Conn. 2006) (two year delay); Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa. Feb. 23, 2007) (more than a one year delay); Jones v. Gonzales, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) (delays of two and three years); Shirmohamadali v. Heinauer, 535 F. Supp.2d 1059, 2008 U.S. Dist. LEXIS 13498 (E.D.Cal. Feb. 22, 2008) (more than a four year delay by the FBI in completion of a name check was unreasonable); Cao v. Upchurch, 496 F. Supp. 2d 569 (E.D. Pa. 2007) (summary judgment was appropriate as a four year delay was presumptively unreasonable and defendants made no attempt to rebut proof of an unreasonable delay); Dong v. Chertoff, 513 F. Supp. 2d 1158 (N.D. 2007) (jurisdiction appropriate to determine whether action on an adjustment application had been unlawfully withheld); Lopez v. Secretary, DHS, 2007 U.S. Dist. LEXIS 68447 (M.D. Fla. Sept. 17, 2007) (evidentiary hearing granted regarding the reasonableness of a FBI delay in completing a name check); and Sawad v. Frazier, 2007 U.S. Dist. LEXIS 75366 (D.Minn. Oct. 9, 2007) (motion to dismiss denied and defendants ordered to provide evidence specific to two adjustment applications and the related delayed background checks within sixty days).

## IV. VENUE

19. Venue is properly with this Court, pursuant to 28 U.S.C. § 1391(e)(1) because:

a. Defendant Attorney General Michael B. Mukasey is an officer of the Department of Justice and is responsible for the operation of the FBI, which is headquartered in the District of Columbia.[3] Defendant Mukasey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b. Defendant Robert S. Mueller, III, is an officer of the Department of Justice and is Director of the FBI, which is headquartered in the District of Columbia. Defendant Mueller performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c. Defendant Jonathan Scharfen is an officer of the Department of Homeland Security and is the Acting Director of the USCIS, which is headquartered in the District of Columbia. Defendant Scharfen performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d. Defendant Novak is an officer of the Department of Homeland Security who retains jurisdiction over the I-485 Application in question, subject to the

---

[3] It is well-established precedent in this Court that, "When an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." Jyachosky v. Winter, 2006 U.S. Dist. LEXIS 44399 at 12, hn. 6 (D.D.C. June 29, 2006), citing to Bartman v. Cheney, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. § 1391(e))

discretion of Defendant Scharfen, who resides in the District of Columbia;

e. Defendant Collett is an officer of the Department of Homeland Security who retains jurisdiction over the I-485 Application in question, subject to the discretion of Defendant Scharfen, who resides in the District of Columbia;

f. A substantial part of the events or omissions giving rise to Plaintiff's Complaint occurred within the offices of the FBI, DHS, and USCIS, which are all headquartered in the District of Columbia; and

g. Judicial economy and the interests of justice warrant that Plaintiff's action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the discretion of their Agency Director who is similarly located within the District of Columbia.

20. Due to the decentralized nature of USCIS case processing, which allows for the transfer of adjustment of status applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

**V. STATEMENT OF FACTS**

**A. Eligibility for Adjustment of Status**

21. On May 12, 2003, Plaintiff filed an I-485 Application for Adjustment of Status with the VSC, pursuant to §245 of the INA, 8 U.S.C. §1255. *See*, USCIS Form I-797C, dated May 22, 2003, a copy of which is attached and incorporated hereto as "Exhibit B."

22. Plaintiff filed his I-485 concurrently with the Form I-130 Petition for Alien Relative filed by Plaintiff's spouse, Rena Malka Paran, for his benefit. *See*, USCIS Form I-797C, dated May 22, 2006, a copy of which is attached and incorporated hereto as "Exhibit C."

23. Plaintiff properly filed his Adjustment Application with the VSC. It is the duty of the USCIS to timely adjudicate this application.

24. Plaintiff's Adjustment Application was subsequently transferred to the USCIS Baltimore District Office. *See*, USCIS Form 797C, Receipt Number EAC-03-174-51177, dated May 28, 2003, a copy of which is attached and incorporated hereto as "Exhibit D."

25. Plaintiff's Form I-130 Petition for Alien Relative, filed by Plaintiff's spouse for his benefit, was subsequently transferred to the USCIS Baltimore District Office. *See*, USCIS Form 797C, Receipt Number EAC-03-174-51272, dated May 28, 2003, a copy of which is attached and incorporated hereto as "Exhibit E."

26. Plaintiff has complied with all requests made by the USCIS to complete all necessary steps for the adjudication of his Adjustment Application. He has provided all of the information requested by the USCIS and has complied with all notices, including attending a Biometrics appointment on July 24, 2008 and an Interview Appointment on September 11, 2003, at the USCIS Baltimore District Office. *See*, USCIS Forms I-797C, Application Support Center (ASC) Appointment Notice, dated July 15, 2008, and USCIS Interview Notice, dated June 18, 2003, copies of which are attached and incorporated hereto as "Exhibit F" and "Exhibit G," respectively.

**B. USCIS and FBI Security Checks**

27. Once an Application for Adjustment of Status is filed, the FBI must conduct mandatory criminal and national security background checks before an adjudication of the application is possible. These security checks include the FBI NNCP check. *See*, Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007 at page 2, a copy of which is attached and incorporated hereto as "Exhibit H."

28. In a majority of FBI NNCP name checks, no "matches" or indications of derogatory information are found. *See*, Exhibit H, page 2.

29. The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded. Initial responses to the NNCP check are generally available within two (2) weeks. In eighty percent (80%) of applications, no "match" or derogatory information is found. Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months. *See*, Exhibit H, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2 - 3.

30. Less than **one percent (1%) of cases** subject to an FBI NNCP check **remain pending longer than six (6) months**. *See*, Exhibit H, USCIS Fact Sheet, page 2.

31. The FBI has stated, in a declaration previously submitted to this Court, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within **seventy-two (72) hours**. Of the remaining cases, a secondary check historically has revealed a "no record" result

within an additional **thirty to sixty (30 - 60) days** for twenty-two percent (22%) of all

cases. Of the remaining ten percent (10%) of cases, less than **one percent (1%)** of

USCIS cases are identified with a file containing *possible* derogatory information.

*See*, Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5 - 6, a copy

of which is attached and incorporated hereto as "Exhibit I."

**C. Exhaustion of Administrative Remedies**

      32.    Plaintiff, by himself and through legal counsel, contacted the USCIS

National Customer Service line and USCIS Baltimore Field Office numerous times

between May 2003 and the present, but was informed that his Adjustment

Application was delayed due to security checks. *See*, the Letter from Shapel Hall,

USCIS Examinations Assistant, dated October 20, 2004; the Letter from Shapel Hall,

USCIS Examinations Assistant, dated December 6, 2005; and USCIS Letter,

undated, copies of which are attached and incorporated hereto as "Exhibit J,"

"Exhibit K," and "Exhibit L," respectively.

      33.    Plaintiff contacted U.S. Senator Paul Sarbanes to request assistance

with expediting the adjudication of Plaintiff's Adjustment Application. Senator

Sarbanes acknowledged Plaintiff's request and provided updates from the USCIS

that indicated a delay due to pending security clearance checks. *See*, the Letter from

U.S. Senator Paul Sarbanes, dated November 15, 2004; the Letter from U.S.

Senator Paul Sarbanes, dated March 23, 2005; and the Letter from Richard C.

Caterisano, District Director of the USCIS Baltimore Field Office, to U.S. Senator

Paul Sarbanes' office, dated November 9, 2004, copies of which are attached and

incorporated hereto as "Exhibit M," "Exhibit N," and "Exhibit O," respectively.

34. Plaintiff contacted U.S. Senator Benjamin L. Cardin to request assistance with expediting the adjudication of Plaintiff's Adjustment Application. Senator Cardin made an inquiry on Plaintiff's behalf. *See*, the Letter from U.S. Senator Benjamin L. Cardin, dated September 28, 2007, a copy of which is attached and incorporated hereto as "Exhibit P."

35. Plaintiff scheduled and attended an InfoPass Appointment at his local USCIS Field Office. In response, he was informed that his NNCP check had been pending with the FBI since May 2003. *See*, Exhibit A.

**D. Plaintiff's Mandamus Action**

36. In order to obtain relief under the Mandamus Act, Plaintiff must establish that (1) his claim is "clear and certain;" (2) the duty owed is "ministerial and so plainly prescribed as to be free from doubt;" and (3) that no other adequate remedy is available. *See*, Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)

37. Plaintiff has demonstrated through the FBI's own Declaration that Defendant FBI has a non-discretionary duty to complete all USCIS-requested NNCP name checks within a reasonable time. There is no legal authority for the argument that the FBI may choose not to complete a USCIS-requested NNCP name check. *See,* Exhibit H and Exhibit I.

38. Plaintiff has demonstrated that his claim for relief from the FBI's inaction is clear and certain in that there is no legal authority for the FBI to justify its inaction or to refuse to complete his USCIS-requested NNCP name check.

39. The FBI's duty to complete Plaintiff's NNCP name check is purely ministerial in nature and so plainly prescribed by Executive Order that the Agency's

duty is free from doubt.

40. Plaintiff's exhaustion of remedies, as described above, shows that there is no other adequate remedy available to him.

**VI. INJURIES TO PLAINTIFF**

41. Plaintiff is adversely affected by the Defendant FBI's inaction described above in that his ability to travel abroad and work is restricted during the pendancy of his I-485 Application period. Until his FBI NNCP name check is completed, Plaintiff must annually apply and pay for special travel permission and work authorizations.

42. Plaintiff has lost a significant amount of work time while pursuing the adjudication of his Application for Adjustment of Status, including but not limited to, making inquiries to the USCIS, meeting with his attorneys, and applying for annual work authorization renewals.

43. Due to Defendant FBI's inaction described above, Plaintiff's future naturalization (to become a U.S. Citizen) has been delayed.

**VII. GROUNDS FOR RELIEF**

44. Defendant FBI's inaction and refusal to complete Plaintiff's NNCP screen and to transmit a "FBIQUERY System" response are both arbitrary and capricious, as the FBI has a **mandatory, non-discretionary** duty, as required by law, to complete this process. 5 U.S.C. §701, 702 and 706, et seq. and 5 U.S.C. §555.

45. Defendant FBI's inaction is a violation of the APA in that it has unlawfully withheld or unreasonably delayed action on Plaintiff's FBI NNCP name

check.

46. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(I).

47. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. §1361.

48. If Plaintiff prevails under any of his claims stated herein, he is entitled to recover his attorneys' fees and costs under the EAJA, as amended, 5 U.S.C. §504 and 28 U.S.C. §2412.

**VIII. CLAIMS FOR RELIEF**

49. Defendant FBI has unreasonably delayed and failed to perform a mandatory action in completing Plaintiff's NNCP screen and transmitting a "FBIQUERY System" response to the USCIS, thereby preventing the adjudication of Plaintiff's I-485 Adjustment Application, which was filed over five (5) years and two (2) months ago and depriving Plaintiff of lawful permanent resident status, as well as benefits conferred there from, including the accrual of time to apply for U.S. citizenship.

50. Defendant FBI owes Plaintiff the duty to act and complete his NNCP screen and transmit a "FBIQUERY System" response and has unreasonably failed to perform these duties.

51. Plaintiff has exhausted any administrative remedies that may exist. No other remedy exists for Plaintiff to resolve Defendant FBI's inaction.

WHEREFORE, Plaintiff prays that this Honorable Court:

(1) Compel the Defendant Attorney General Mukasey and Defendant FBI Director Mueller, and those acting under them, to perform their duty to complete Plaintiff's NNCP screen and transmit a "FBIQUERY System" response to the USCIS;

(2) Grant such other and further injunctive or equitable relief as this Court deems proper under the circumstances; and

(3) Grant attorney's fees, expenses and costs of court, pursuant to the EAJA.

Aron A. Finkelstein, Esquire
DC Bar No. MD25560
Murthy Law Firm
10451 Mill Run Circle
Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorney for Plaintiff

**Table Of Exhibits**

Affidavit of Asaf Paran – 07/24/2008........................................................ Exhibit A

USCIS Receipt Notice for I-485 Application by Asaf Paran – 05/22/2003......... Exhibit B

USCIS Receipt Notice for I-130 Application by Rena Malka Paran for benefit of Asaf Paran – 05/22/2003........................................................ Exhibit C

USCIS Transfer Notice for I-485 Application by Asaf Paran – 05/28/2003....... Exhibit D

USCIS Transfer Notice for I-130 Application by Rena Malka Paran for benefit of Asaf Paran – 05/28/2003........................................................ Exhibit E

Biometrics Notice for Asaf Paran – 07/15/2008........................................ Exhibit F

Adjustment of Status Interview Notice for Asaf Paran – 06/18/2003............... Exhibit G

Declaration of Bradley J. Brouillette – 04/23/2007............................................ Exhibit H

Declaration of Michael A. Cannon – 04/13/2007.............................................. Exhibit I

Letter from Shapel Hall, USCIS Examinations Assistant – 10/20/2004............ Exhibit J

Letter from Shapel Hall, USCIS Examinations Assistant – 12/06/2005............ Exhibit K

Letter from USCIS Baltimore Field Office – 10/21/2006.............................. Exhibit L

Letter from U.S. Senator Paul Sarbanes – 11/15/2004.............................. Exhibit M

Letter from U.S. Senator Paul Sarbanes – 03/23/2005.............................. Exhibit N

Letter from Richard C. Caterisano, District Director, USCIS Baltimore Field Office – 11/09/2004........................................................................ Exhibit O

Letter from Senator Benjamin L. Cardin – 09/28/2007...................................... Exhibit P

End of Exhibits

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ASAF PARAN | MICHAEL B. MUKASEY, U.S. Attorney General; ROBERT S. MUELLER, III, Director of the FBI; JONATHAN SCHARFEN, Acting Director of the USCIS; PAUL E. NOVAK, Director of the USCIS Vermont Service Center; and GREGORY COLLETT, District Director of the USCIS Baltimore Field Office |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ______ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) ______ NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Murthy Law Firm<br>Aron A. Finkelstein, Esquire<br>10451 Mill Run Circle, Suite 100<br>Owings Mills, MD 21117 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES

(PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ○ A. *Antitrust*

- [ ] 410 Antitrust

### ○ B. *Personal Injury/ Malpractice*

- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Medical Malpractice
- [ ] 365 Product Liability
- [ ] 368 Asbestos Product Liability

### ⊙ C. *Administrative Agency Review*

- [ ] 151 Medicare Act

Social Security:
- [ ] 861 HIA ((1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g)
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g)

Other Statutes
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [X] 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

**Any nature of suit from any category may be selected for this category of case assignment.**

***(If Antitrust, then A governs)***

### ○ E. *General Civil (Other)* OR ○ F. *Pro Se General Civil*

Real Property
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent, Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

Personal Property
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

Bankruptcy
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

Prisoner Petitions
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

Property Rights
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

Federal Tax Suits
- [ ] 870 Taxes (US plaintiff or defendant
- [ ] 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- [ ] 610 Agriculture
- [ ] 620 Other Food &Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

Other Statutes
- [ ] 400 State Reapportionment
- [ ] 430 Banks & Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation

- [ ] 470 Racketeer Influenced & Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 900 Appeal of fee determination under equal access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**O G. *Habeas Corpus/ 2255***

- ☐ 530 Habeas Corpus-General
- ☐ 510 Motion/Vacate Sentence

**O H. *Employment Discrimination***

- ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)

*(If pro se, select this deck)*

**O I. *FOIA/PRIVACY ACT***

- ☐ 895 Freedom of Information Act
- ☐ 890 Other Statutory Actions (if Privacy Act)

*(If pro se, select this deck)*

**O J. *Student Loan***

- ☐ 152 Recovery of Defaulted Student Loans (excluding veterans)

**O K. *Labor/ERISA (non-employment)***

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Labor Railway Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**O L. *Other Civil Rights (non-employment)***

- ☐ 441 Voting (if not Voting Rights Act)
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights
- ☐ 445 American w/Disabilities-Employment
- ☐ 446 Americans w/Disabilities-Other

**O M. *Contract***

- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contracts
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**O N. *Three-Judge Court***

- ☐ 441 Civil Rights-Voting (if Voting Rights Act)

**V. ORIGIN**

- ⦿ 1 Original Proceeding
- O 2 Removed from State Court
- O 3 Remanded from Appellate Court
- O 4 Reinstated or Reopened
- O 5 Transferred from another district (specify)
- O 6 Multi district Litigation
- O 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Mandamus Action under 28 U.S.C. Sec. 1361 challenging unreasonable FBI and USCIS delay in processing background check and I-485 application

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** [ ] Check YES only if demanded in complaint **JURY DEMAND:** YES ☐ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

**DATE** 8/1/08 **SIGNATURE OF ATTORNEY OF RECORD** [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.** CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section **II**.

**IV.** CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.** CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.** RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# EXHIBIT A

**State of Maryland** )
) **SSN: 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**
**City of Baltimore** )

## AFFIDAVIT

I, Asaf Paran, after being duly sworn, do hereby state and affirm that:

1. I am a citizen and national of Israel, aged 42 years, and am competent to testify to the facts herein.
2. I currently reside at 6612 Bonnie Ridge Drive, Apartment T-1, Baltimore, MD 21209.
3. My date of birth is August 30, 1965, and I was born in Israel.
4. I filed my Form I-485 Application for Adjustment of Status, Receipt Number EAC-03-174-51177, on May 12, 2003, which has now been pending for approximately five (5) years and two (2) months.
5. My Form I-485 Application has been pending since May 12, 2003, and I have completed all steps and complied with all U.S. Citizenship and Immigration Service ("USCIS") requests regarding my case, including attending an Interview for Adjustment of Status on September 11, 2003.
6. I have been informed by multiple U.S government sources that my I-485 Application is being delayed because of an unreasonable agency delay in that the Federal Bureau of Investigations ("FBI") has not completed my National Name Check Program (NNCP) clearance and generated a "FBIQUERY System" response, which is required before the USCIS may adjudicate my I-485 Application.
7. I have made numerous requests regarding the status of my delayed I-485 Application including:
   a. Contacting the USCIS' National Customer Service Center;
   b. Contacting the USCIS Baltimore Field Office;
   c. Contacting U.S. Senator Paul Sarbanes;
   d. Contacting U.S. Senator Benjamin L. Cardin; and
   e. Attending an Infopass appointment.
8. Despite these repeated attempts and a delay of over five (5) years and two (2) months, my I-485 Application has not been adjudicated, due to this FBI NNCP processing delay.
9. The FBI's unreasonable delay in completing my NNCP check is preventing me from having my I-485 Application adjudicated, becoming a lawful permanent resident, and eventually, a U.S. citizen.

I AFFIRM under penalty of perjury and upon personal knowledge that the above statements and facts are true and accurate to the best of my knowledge, information and belief.

Signature: ______________________
Asaf Paran

Date: 7/24/08

STATE OF MD, CITY/COUNTY OF BALTIMORE, TO WIT:

I HEREBY CERTIFY THAT on this 24th day of July, 2008, before me, a Notary Public of the aforesaid State and City/County, personally appeared Asaf Paran, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, who acknowledged that s/he has executed it for the purposes therein set forth.

______________________
NOTARY PUBLIC

LAUREN HORNER
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires December 21, 2009



# EXHIBIT B

**Notice of Action**

THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE |
|---|---|---|
| EAC-03-174-51177 | | I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
| RECEIVED DATE | PRIORITY DATE | APPLICANT |
| May 12, 2003 | | A97 153 695 PARAN, ASAF |
| NOTICE DATE | PAGE | |
| May 22, 2003 | 1 of 1 | |

MORRIS SOCHACZEWSKI
4153 PATTERSON AVENUE
BALTIMORE MD 21215

**Notice Type:** Receipt Notice

Amount received: $ 305.00

Section: Other basis for adjustment

The above application or petition has been received. It usually takes 365 to 540 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (800) 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call our TDD at **1-800-767-1833**.

You can also visit the INS on the internet at www.ins.gov. On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



# EXHIBIT C

Immigration and Naturalization Service

# Notice of Action

THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | CASE TYPE |
|---|---|---|
| EAC-03-174-51272 | | I130 IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN |
| RECEIVED DATE | PRIORITY DATE | PETITIONER |
| May 12, 2003 | | PARAN, RENA M. |
| NOTICE DATE | PAGE | BENEFICIARY A97 153 695 |
| May 22, 2003 | 1 of 1 | PARAN, ASAF |

MORRIS SOCHACZEWSKI
4153 PATTERSON AVENUE
BALTIMORE MD 21215

**Notice Type:** Receipt Notice

Amount received: $ 130.00

Section: Husband or wife of U.S. Citizen, 201(b) INA

The above application or petition has been received. It usually takes 210 to 999 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (800) 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call our TDD at **1-800-767-1833**.

You can also visit the INS on the internet at www.ins.gov. On our web site you can get up-to-date case status information on your case and find valuable information about immigration services and benefits.

Please see the additional information on the back. You will be notified separately about any other cases you filed.

IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



# EXHIBIT D

U.S. Department of Justice
Immigration and Naturalization Service

# Notice of Action

THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-03-174-51177 | | CASE TYPE I485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|
| RECEIPT DATE May 22, 2003 | PRIORITY DATE | APPLICANT A97 153 695 PARAN, ASAF |
| NOTICE DATE May 28, 2003 | PAGE 1 of 1 | |

ASAF PARAN
6600 SANZO ROAD E
BALTIMORE MD 21209

**Notice Type:** Transfer Notice

Preliminary processing of the above application or petition has been completed, and it has been transferred to the INS office at:

Fallon Federal Building, 31 Hopkins Plaza, Baltimore, MD 21201

That office will notify you when they schedule an interview on the application or petition. Any further inquiries should be made to that office.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone:** (800) 375-5283

# EXHIBIT E

U.S. Department of Justice
Immigration and Naturalization Service

**Notice of Action**

THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-03-174-51272 | | CASE TYPE I130 IMMIGRANT PETITION FOR RELATIVE, FIANCE(E), OR ORPHAN |
|---|---|---|
| RECEIPT DATE May 22, 2003 | PRIORITY DATE | PETITIONER PARAN, RENA M. |
| NOTICE DATE May 28, 2003 | PAGE 1 of 1 | |

RENA M. PARAN
6660 SANZO ROAD APT E
BALTIMORE MD 21209

**Notice Type:** Transfer Notice

Preliminary processing of the above application or petition has been completed, and it has been transferred to the INS office at:

Fallon Federal Building, 31 Hopkins Plaza, Baltimore, MD 21201

That office will notify you when they schedule an interview on the application or petition. Any further inquiries should be made to that office.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone:** (800) 375-5283

Form I-797C (Rev. 09/07/93) N

# EXHIBIT F

U.S. Department of Homeland Security
George H. Fallon Federal Building
31 Hopkins Plaza
Baltimore, Maryland 21201

U.S. Citizenship
and Immigration
Services

Date: July 15, 2008

ASAF PARAN
6612 BONNIE RIDGE DRIVE
Apt. T-1
BALTIMORE, MD 21209

USCIS File Number: A97 153 695
EAC 031 745 1177

Dear Sir/Madam:

Reference is made to the Application to Register Permanent Resident or Adjust Status, Form I-485, which you filed with the Service. You were either never processed for fingerprints and/or biometrics or the validity of your fingerprints expired. In order to process your application, USCIS must obtain valid fingerprints and/or biometrics.

You have been scheduled to appear at any one of the Application Support Centers listed below within the next thirty (30) days. If you fail to appear within thirty (30) days of this notice, your application will be considered abandoned, and the Service will terminate all action.

You must bring this letter and your passport, or other proper photo identification with you. You will not be processed at the Application Support Center without proper proof of photo identification and this letter.

**APPLICATION SUPPORT CENTERS**

USCIS
Baltimore ASC
Bank of America Building
100 South Charles Street
Suite 201
Baltimore, Maryland 21201

USCIS
Glenmont ASC
12331 C Georgia Avenue
Wheaton, Maryland 20906

USCIS
Salisbury ASC
2040 Shipley Drive
Suite C-2
Salisbury, Maryland 21801

HOURS OF OPERATION

Tuesday - Saturday
8:00 AM to 4:00 PM
Closed: Sunday, Monday, and all federal holidays.

☐ Code 1 (Fingerprints Only)

☐ Code 2 (Biometrics Only)

☑ Code 3 (Both Fingerprints & Biometrics)

BIOMETRICS PROCESSING STAMP
ASC SITE CODE
BIOMETRICS QA REVIEW BY: ON
TENPRINTS QA REVIEW BY: ON

cc: MORRIS SOCHACZEWSKI

# EXHIBIT G

| **File Number:** A97 153 695 | | **Case Type** I-485 APPLICATION TO ADJUST TO PERMANENT RESIDENT STATUS |
|---|---|---|
| **Receipt Date** May 12, 2003 | **Priority Date:** | **Applicant:** Paran, Asaf |
| **Date of Notice:** June 18, 2003 | Page 1 of 1 | |

Rena Paran
Asaf Paran
6600 Sanzo Road- Apt E
Baltimore, MD 21209

**Notice Type:** Interview Notice

An interview appointment regarding eligibility in this case has been scheduled for the following place, date and time:

**Place:** 31 Hopkins Plaza, First Floor, Baltimore, Maryland 21201
**Date of Appointment:** September 11, 2003
**Time of Appointment:** 9:15 am
**Officer:** D

**Note: Parking in the downtown area is limited; therefore, you should plan to arrive in Baltimore at least one hour before you scheduled appointment time to avoid missing your appointment**

This interview is a necessary part of determining eligibility in this matter. Each applicant or petitioner listed above or included in this case should appear for this interview. They should bring this notice, and photo identification, such as a passport or driver's licence with them to this interview.

If copies of a document were submitted as evidence with this application or petition, the originals of those documents should be brought to the interview. If any other documents are required, they will be listed in an attachment to this notice. You may also bring any other documents (original plus a copy that we may retain) of any other evidence youn wish to bring to establish eligibility for this immigration benefit.

**Please also bring the specific items checked off below to your interview:**

☐ The attached Form G325A (completed and signed).

☐ The attached Form I-864 (completed, signed and notarized)

☐ Two photographs (see attached for specifications)

☐ Your Birth Certificate or other evidence of birth

☑ The items listed on the attached sheet

☑ **A Maryland Driver's License or other photo identification/Your Passport**

cc: Morris Sochaczewski
4153 Patterson Ave
Baltimore MD 21215

**Please make every effort to keep this appointment. If you cannot, please return this letter immediately with your explanation and a request for a new appointment date. Please be advised that should you fail to appear for your scheduled interview or to request that your appointment be rescheduled, your application or petition will be deemed abandoned and all action thereon terminated, pursuant to current Service policy.**

Please see additional information on the back. You will be notified separtately about any other cases you filed.

**IMMIGRATION AND NATURALIZATION SERVICE**
**BALTIMORE DISTRICT OFFICE**
**31 HOPKINS PLAZA, FALLON FEDERAL BUILDING**
**BALTIMORE, MARYLAND 21201**

**Customer Service Telephone (410) 962-2338, Option 5**

A 9 7 1 5 3 6 9 5

# EXHIBIT H

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Zaigang Liu,<br><br>Plaintiff,<br>vs.<br><br>Paul Novak, Director, Vermont Service Center<br>U.S Department of Homeland Security, U.S. Citizenship and Immigration Services; Emilio Gonzalez, Director, U.S. Citizenship and Immigration Services; Robert S. Mueller, III, Director, Federal Bureau of Investigation,<br><br>Defendants | Case No.: 1:07CV00263<br><br>Declaration of Bradley J. Brouillette |

I, BRADLEY J. BROUILLETTE declare as follows:

1. I am employed by the United States Citizenship and Immigration Services (hereinafter "USCIS") as a Supervisory Center Adjudications Officer at the Vermont Service Center (hereinafter "VSC"), in St. Albans, Vermont. I have held this position since December 2003. I have been employed by the agency in various capacities since November 1995. I make this declaration based on my personal knowledge and my review of official documents and records maintained by the USCIS. If called to testify, I could and would do so competently.

2. This declaration is submitted in support of Defendants' motion to dismiss in the case of Zaigang Liu v. Novak et al., 1:07CV00263, now pending before the United States District Court for the District of Columbia. It provides a factual summary of the agency's adjudication policy as well as a review of the plaintiff's file.

3. When a visa petition or other application seeking an immigration benefit on behalf of an alien is filed with USCIS, the agency conducts numerous mandatory criminal and national security background checks. These checks are conducted both to enhance national security and ensure the integrity of the immigration process. These security and background checks serve to screen out aliens who may seek to harm the United States and its citizens or who may be seeking immigration benefits improperly or fraudulently. These security checks have yielded information about applicants involved in violent crimes, sex crimes, crimes against children, drug trafficking and individuals with known links to terrorism. Pursuant to established agency policy, all required security checks must be completed prior to adjudication of the application.

4. The attached Fact Sheet explains the different types of checks that must be completed. (See Fact Sheet, dated April 25, 2006, a true and correct copy of which is attached hereto as Exhibit 1). The checks include the FBI Name Check, FBI fingerprint check, and the DHS-managed Interagency Border Inspection System (IBIS). The records maintained in the FBI name check process consist of administrative, applicant, criminal, personnel and other files compiled by law enforcement agencies. Although in the majority of FBI name checks no matches are found, some cases involve complex or highly sensitive information and cannot be resolved quickly. The IBIS system contains records and information from more than 20 federal law enforcement and intelligence agencies including the Central Intelligence Agency (CIA), FBI and other divisions of the U.S. Department of Justice, the Department of State, DHS Customs and Border Protection (CBP) and other DHS agencies. It is a multi-agency effort with a central system that combines information from these various sources and databases to compile information regarding national security risks, public safety concerns, and other law enforcement concerns. IBIS provides, but is not limited to, information related to persons who are wanted criminals, persons of interest in the context of national security, and other derogatory information, including adverse immigration history. While the

results of an IBIS query are usually available immediately, in some cases information found will require further investigation. Finally, FBI fingerprint checks provide information relating to criminal background within the United States. Results are usually received within days and while the vast majority results in no criminal record, positive results may have a direct bearing on the eligibility of an applicant for the immigration benefit being sought.

5. Once USCIS receives an I-485 a file is opened and an electronic record of that application is created. Much of this initial electronic processing and data entry is automated, including the automatic generation and electronic transmission of a FBI name check request in FBIQUERY, the FBI repository and tracking system for FBI Name Check requests. Once the initial file creation and processing of an I-485 application is complete, each file is placed on an I-485 pending shelf for processing and adjudication in chronological order according to date of receipt.

6. Due to bi-specialization, the VSC no longer accepts any new I-485 applications. All pending cases being held for FBI name and date of birth check clearance and Visa Availability have been sent to the Texas Service Center. The VSC has retained approximately 15,000 pending cases in which the adjudicative process had already begun and the adjudication of those cases will be completed at the VSC.

7. VSC periodically runs an electronic report in FBIQUERY system for all files on the I-485 pending shelf to confirm the successful transmission of the FBI Name Check request and to identify those applications that have received responses from the FBI name checks and FD-258 (fingerprints) and are thus ready for adjudication. FBI name check requests that have been received by the FBI but have not yet been completed are indicated by a notation of "Pending" in FBIQUERY. An FBI Name Check that has been completed will

be indicated by various entries depending on the result, including No Record, Positive Response, etc.

8. This report will also identify those I-485 applications that have received a "No Data" or "Error" response in FBIQUERY indicating a problem with transmission of the name check request from USCIS to the FBI. If such a problem is reported, the FBI name check requests will then be initiated a second time and resent manually or electronically to the FBI for a response. In this way USCIS ensures that the FBI has in fact received all requests for name checks.

9. All files on the FBI Name Check Shelf are audited regularly in order to identify those in which a response from the FBI has been received. This audit is conducted at least every three weeks or more often. In this manner the agency ensures that as FBI responses are received, files are expeditiously released for adjudication. FBIQUERY reports do not provide USCIS with any indication as to what information the FBI may have relating to a particular alien, whether an FBI investigation into the particular alien has been undertaken, or whether there are national security concerns relating to that alien.

10. For most applicants, USCIS can quickly determine if there are criminal or security related issues in the applicant's background that affect eligibility for immigration benefits. However, due both to the sheer volume of security checks USCIS conducts, and the fact that USCIS must await responses from the FBI or other relevant agencies that conduct some of the required security checks, some delays on individual applications are unavoidable and may be lengthy. Moreover, in some cases a background or security check will reveal that positive (derogatory) information on the subject alien is possessed by some agency other than USCIS without necessarily revealing the substance of that information. In such cases, USCIS works closely with the other law enforcement or intelligence agencies to obtain all available information

concerning the positive result in order to properly evaluate its significance. Even where the FBI or a third agency has provided a final response, a case may still be considered pending where the response requires further investigation or review by USCIS or another agency. It is vitally important to thoroughly screen each applicant in order to resolve all concerns of a law enforcement or national security nature before determining that an individual is eligible for an immigration benefit.

11. The agency's policy for requesting expedited security checks requires that the applicant meet one of the following criteria:

1. Military Deployment.
2. Age-out cases not covered by the Child Status Protection Act and applications affected by sunset provisions such as the Diversity Visa Program.
3. Compelling reasons provided by the requesting office such as critical medical conditions.
4. Loss of Social Security benefits or other subsistence at the discretion of the Director.

U.S. Citizenship and Immigration Services (USCIS) is no longer routinely requesting the FBI to expedite a name check when the only reason for the request is that a mandamus (or other federal court petition) is filed in the case.

12. USCIS reports the average processing times for specific applications and petitions on the USCIS website. This information reflects only average processing times on the date the information is published. Average processing times fluctuate widely and will sometimes even regress for a specific form type due to a number of factors, including a reallocation of agency resources, reordering of the agency's priorities, and other reasons. Additionally, not every application will require the same level of inquiry. Some may

require a more detailed level of review and or investigation from either the USCIS or other agencies for a number of reasons ranging from the alien's eligibility for the benefit sought to national security concerns. Accordingly, even when it appears that the adjudication of a particular application is outside the average processing time, this does not establish that the delay is unreasonable or even due to factors within the control of USCIS.

13. The FBI has an established process of processing FBI Name Check requests from USCIS chronologically based on the date the request is forwarded. As stated above, certain requests can be expedited if they meet specific expedite criteria. However, it is important to note that whenever a particular application or petition receives expedited processing and is moved up in the queue, it is at the expense of those still unadjudicated petitions or applications that bear an earlier filing date. There is no statutory or regulatory time limit for the adjudication of I-485s. Moreover, an alien who has applied for adjustment of status may apply for and obtain employment authorization for the entire time his or her application is pending. Most applicants for adjustment of status may also apply for and obtain advance parole to enable them to travel abroad during the pendency of their application. Thus, applicants for adjustment of status are not as adversely affected by delays in the adjudication of their applications as are aliens filing for other immigration benefits.

14. In my capacity as a Supervisory Center Adjudications Officer at the VSC, I have access to the official files and records of the USCIS. I have reviewed the system records for plaintiff LIU, Zaigang, A97 486 586. The record reflects that on July 23, 2003, plaintiff Liu filed an application for adjustment of status to permanent resident on Form I-485.

Plaintiff seeks adjustment as a derivative beneficiary on an approved I-140 employment based visa petition for his spouse Lu Zhang. To date, plaintiff's application remains pending the completion of security checks. Once the required security checks are completed, the plaintiff's application will be adjudicated.

15. Because the plaintiff's case does not meet one of the above-mentioned expedite criteria, the agency is unable to request an expedite of the security check clearance on his behalf. For this reason the USCIS cannot adjudicate plaintiff's I-485 application for adjustment of status until such time as all security checks are complete.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 23rd day of April, 2007 at St. Albans, Vermont.

Bradley J. Brouillette
Supervisory Center Adjudications Officer
Vermont Service Center

# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ZIAGANG LIU, Plaintiff, v. PAUL NOVAK, et al., Defendants. | Case No: 07-CV-00263 |

**DECLARATION OF MICHAEL A. CANNON**

Michael A. Cannon, pursuant to 28 U.S.C. § 1746, declares the following:

(1) I am currently the Section Chief of the National Name Check Program Section at the Headquarters of the Federal Bureau of Investigation ("FBI") in Washington, D.C. I have held that position since March 7, 2005.

(2) In my current capacity as Section Chief, I supervise the National Name Check Units. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3) Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the policy and the procedures of the United States Citizenship and Immigration Services ("USCIS"). Specifically, I am aware of the name check request for Zaigang Liu, the plaintiff in this civil action.

**NATIONAL NAME CHECK PROGRAM**

(4) The National Name Check Program ("Program") has the mission of disseminating information from the FBI's Central Records System in response to requests submitted by federal agencies, congressional committees, the federal judiciary, friendly foreign

police and intelligence agencies, and state and local criminal justice agencies. The Central Records System ("CRS") contains the FBI's administrative, personnel, and investigative files. The Program has its genesis in Executive Order No. 10450, issued during the Eisenhower Administration. That executive order addresses personnel security issues and mandates National Agency Checks as part of the pre-employment vetting and background investigation process for prospective Government employees. The FBI performs the primary National Agency Check conducted on all United States Government employees. From this modest beginning, the Program has grown exponentially, with more and more customers seeking background information from FBI files on individuals before bestowing a privilege, such as Government employment or an appointment, a security clearance, attendance at a White House function, a "green card" or naturalization, admission to the bar, or a visa. More than 70 federal, state, and local agencies regularly request FBI name searches. In addition to serving our regular Government customers, the FBI conducts numerous name searches in direct support of the FBI's counterintelligence, counterterrorism, and homeland security efforts.

EXPLANATION OF THE CENTRAL RECORDS SYSTEM

(5) The FBI's CRS enables the FBI to maintain all information which it has acquired in the course of fulfilling mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. This system consists of a numerical sequence of files broken down according to subject matter. The subject matter of a file may relate to an individual, organization, company, publication, activity, or foreign intelligence matter. Certain records in the system are maintained at FBI Headquarters. Records which are pertinent to specific FBI Field Offices are mostly maintained at those Field Offices.

(6) FBI Headquarters and each Field Division can access the CRS through the FBI's General Indices. The General Indices are arranged in alphabetical order and consist of indices on various subjects, including the names of individuals and organizations. Only the information considered pertinent, relevant, or essential for future retrieval is indexed.

(7) Communications directed to FBI Headquarters from various Field Offices and Legal Attaches are filed in the pertinent case files and indexed to the names of individuals, groups, or organizations which are listed in the case captions or titles as subjects, suspects, or victims. Searches made in the index to locate records concerning particular subjects are made by searching the name of the subject requested in the index.

(8) The entries in the General Indices fall into two categories:

(a) "main" entries – entries that carry the name corresponding with the subject of a file contained in the CRS.

(b) "reference" entries – entries (sometimes called "cross-references") that generally only mention or reference an individual, organization, etc., that is contained in a document located in another "main" file.

(9) In 1995, the FBI implemented the Automated Case Support ("ACS") system for its Headquarters, Field Offices, and Legal Attaches. More than 105 million records were converted from automated systems previously utilized by the FBI. The ACS system consists of the following three automated applications that support case management functions for all investigative and administrative cases:

(a) Investigative Case Management: This application provides the ability to open, assign, and close investigative and administrative cases as well as to set, assign, and track leads. A case is opened by the Office of Origin, which sets leads for itself and other field offices, as needed. The offices that receive the leads are referred to as Lead Offices. When a case is opened, it is assigned a Universal Case File Number, which is utilized by FBI Headquarters and all offices conducting or assisting in the investigation. Using fictitious file number "111-HQ-12345" as an example, an explanation of the Universal Case File Number is as follows: "111" indicates the classification for that specific type of investigation; "HQ" is the abbreviated form used for the Office of Origin of the investigation (in this case, FBI Headquarters); and "12345" indicates the individual case file number for that particular investigation.

(b) Electronic Case File: This application serves as the central electronic repository for the FBI's official text-based documents. It supports the universal serial concept, where only the creator of a document serializes it into a file, providing single source entry of serials into the

computerized system. All serials originated by the Office of Origin are maintained in the Office of Origin's case file.

(c) Universal Index: This application, sometimes referred to as "UNI", continues the universal concepts of the ACS system by providing a complete subject/case index to all investigative and administrative cases. Only the Office of Origin is required to index. However, the Lead Offices may index additional information as needed. The Universal Index, which consists of an index of approximately 98.2 million records, functions to index names to cases, and to search names and cases for use in the FBI investigative and administrative cases. Names of individuals or entities are recorded with identifying information such as the date or place of birth, race, sex, locality, social security number, address, or date of event.

(10) The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent, the supervisor in the field division conducting the investigation, and the supervising FBI Special Agent at FBI Headquarters. The FBI does not index every name in its files, but indexes only that information considered pertinent, relevant, or essential for future retrieval. Without a "key" (index) to this mass information, information essential to ongoing investigations could not be readily retrieved. The FBI files would thus be merely archival in nature and could not be effectively used to serve the mandated mission of the FBI, which is to investigate violations of federal criminal statutes. Therefore, the General Indices to the CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter.

(11) When the FBI searches a person's name, the name is electronically checked against the FBI's Universal Index. The searches seek all instances of the individual's name, social security number, and dates close to his or her date of birth, whether a main file or reference. As previously stated, any "main" file name would be that of an individual who is, himself or herself, the subject of an FBI investigation, whereas any "reference" would be an individual whose name appears as part of an FBI investigation. For example, "references" include associates, witnesses, or conspirators. Additionally, there may be a myriad of other

reasons to explain why an FBI Special Agent conducting an investigation believed it important to include a particular name in the FBI's index for later recovery. The names are searched in a multitude of combinations, switching the order of first, last, and middle names, as well as combinations with only the first and last names, first and middle names, and so on. The Program application searches names phonetically against the Universal Index records and retrieves similar spelling variations (which is especially important considering that many names in our indices have been transliterated from a language other than English).

(12) If there is a match with a name in a FBI record, it is designated as a "Hit," meaning that the system has stopped on a possible match with the name being checked. If a search comes up with a match to a name and either a birth date or social security number, it is designated an "Ident."

## RESOLUTION RATE

(13) Historically, approximately 68 percent of the name checks submitted by USCIS are electronically checked and returned to USCIS as having "No Record" within 48-72 hours. A "No Record" indicates that the FBI's Universal Index database contains no identifiable information regarding a particular individual. Duplicate submissions (i.e., identically spelled names with identical dates of birth and other identical information submitted while the original submission is still pending) are not checked, and the duplicate findings are returned to USCIS within 48-72 hours.

(14) For the name check requests that are still pending after the initial electronic check, additional review is required. A secondary manual name search completed typically within 30-60 days historically identifies an additional 22 percent of the USCIS requests as having "No Record," for a 90 percent overall "No Record" response rate. The results of this 22 percent also are returned to USCIS. The remaining 10 percent are identified as possibly being the subject of an FBI record. At that point, the FBI record must be retrieved and reviewed. If the record was electronically uploaded into the FBI's ACS electronic record-keeping system, it can be reviewed quickly. If not, however, the relevant information must be retrieved from an

existing paper record. Review of this information will determine whether the information is identified with the request. If the information is not identified with the request, the request is closed as a "No Record" and USCIS is so notified.

(15) Once a record is retrieved, the FBI reviews the file for possible derogatory information. Less than one percent of USCIS's requests are identified with a file containing possible derogatory information. If appropriate, the FBI forwards a summary of the derogatory information to USCIS.

GROWTH OF THE NAME CHECK PROGRAM

(16) Prior to September 11, 2001, the FBI processed approximately 2.5 million name check requests per year. As a result of the FBI's post-9/11 counterterrorism efforts, the number of FBI name checks has grown. For fiscal year 2006, the FBI processed in excess of 3.4 million name checks.

USCIS NAME CHECK REQUESTS

(17) In November 2002, heightened national security concerns prompted a review of the former Immigration and Naturalization Service's ("INS's") procedures for investigating the backgrounds of individuals seeking immigration benefits. It was determined that deeper, more detailed clearance procedures were required to protect the people and the interests of the United States effectively. One of the procedures identified was the FBI's name check clearance. Before November 2002, only those "main" files that could be positively identified with an individual were considered responsive to the immigration authorities name check requests. However, because that approach ran a risk of missing a match to a possible derogatory record, the FBI altered its search criteria to include "reference" files, as well. From a processing standpoint, this meant the FBI was required to review many more files in response to each individual background check request.

(18) In December of 2002 and January of 2003, the former INS resubmitted 2.7 million name check requests to the FBI for background investigations of all individuals with then-pending applications for immigrations benefits for which the Immigration and Nationality

Act required background investigations. Those 2.7 million requests were in addition to the regular submissions by the former INS. Currently, the FBI has returned an initial response to all 2.7 million resubmitted requests. Moreover, although many of the FBI's initial responses to those resubmitted requests indicated that the FBI had no information relating to the specific individual who was the subject of the request, approximately 16 percent – or over 440,000 – resubmitted requests indicated that the FBI may have information relating to the subject of the inquiry. The FBI is still in the process of resolving those 440,000 requests.

(19)    The FBI's processing of those 440,000 resubmissions has delayed the processing of regular submissions from USCIS. As directed by USCIS, the FBI processes name check requests on a "first-in, first-out" basis unless USCIS directs that a particular name check be expedited.

(20)    The FBI cannot provide a specific or general time frame for completing any particular name check submitted by USCIS. The processing of name checks, including those which are expedited, depends upon a number of factors, including where in the processing queue the name check lies; the workload of the analyst processing the name check; the volume of priority checks the analyst must process for, among others, military call-ups, medical emergencies, "age-outs," or immigration "lottery" winners; the number of "Hits," (i.e., possible matches) that must be retrieved, reviewed and resolved; the number of records from various Field Offices that must be retrieved, reviewed and resolved; and, more generally, the staff and resources available to conduct the checks. While the FBI is sensitive to the impact of the delays in processing name check requests, the consequence of the FBI's mission on homeland security requires that its name check process be primarily focused on providing accurate and thorough results. When the name check is completed, the FBI provides the results to USCIS as quickly as possible.

(21)    It is important to note that the FBI does not adjudicate applications for benefits under the Immigration and Nationality Act. If appropriate, the FBI generally provides a summary of available information to USCIS for its adjudication process.

PLAINTIFF'S NAME CHECK REQUEST

(22) The name check request for plaintiff Zaigang Liu was received by the FBI from USCIS on or about March 30, 2004, and has not been completed. The FBI is performing its check in response to USCIS's request in accordance with procedures outlined above. The results of the name check will be forwarded to USCIS in Washington, D.C., in due course, in accordance with the FBI's normal protocol.

(23) Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 13th day of April 2007.

MICHAEL A. CANNON
Section Chief
National Name Check Program Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

# EXHIBIT J



**U.S. Department of Homeland Security**

**Citizenship and Immigration Services**

***Fallon Federal Building***
***31 Hopkins Plaza, 1st Floor***
***Baltimore, Maryland 21201***

October 20, 2004

Morris Sochaczewski
4153 Patterson Avenue
Baltimore, MD 21215

Dear Attorney Sochaczewski,

Reference is made to your inquiry dated October 14, 2004, regarding Asaf Paran, Alien Registration file number A97153695. Specifically, you are requesting that the Service advise you as to the status of your client's adjustment of status application.

We have again reviewed the Service records as they pertain to your request. That review again indicates that your client's case is still pending a variety of checks with various government agencies. We are not at liberty to discuss these checks Again, once the results are received, you will receive written notification of a decision.

**It is important to note that every case is submitted to these checks and once the results have cleared, then and only then, will a decision be rendered. Each case is decided upon by an individual basis. We apologize for any inconvenience.**

Thank you for the opportunity to assist you in this matter.

Sincerely,

Shapel Hall
Examinations Assistant

# EXHIBIT K



**U.S. Department of Homeland Security**

**Citizenship and Immigration Services**

*Fallon Federal Building*
*31 Hopkins Plaza, 1st Floor*
*Baltimore, Maryland 21201*

December 6, 2005

Morris Sochaczewski
4153 Patterson Avenue
Baltimore, MD 21215

Dear Attorney Sochaczewski,

Reference is made to your inquiry dated November 3, 2005, regarding Asaf Paran, Alien Registration file number A97153695. Specifically, you are requesting to know the status of your client's adjustment of status application.

We have reviewed the Service records as they pertain to your request. That review indicates that your client's case contains complex issues, which require further review. You will receive written notification of a decision once the issues are resolved.

Thank you for the opportunity to assist you in this matter.

Sincerely,

Shapel Hall
Examinations Assistant

# EXHIBIT L



U.S. Department of Homeland Security

Citizenship and Immigration Services

31 Hopkins Plaza, 1st Floor
Baltimore, Maryland 21201

Date.

Dear Sir/Madam:

Reference is made to your inquiry regarding Alien Registration file number A 97 153 695 Specifically, you are requesting that the Service advise you as to the status of your naturalization/adjustment of status application.

We have again reviewed the Service records as they pertain to your request. That review again indicates that your case is still pending a variety of background checks with other government agencies. We are not at liberty to discuss further details of these checks. Again, once the results are received, you will receive written notification of a decision.

**It is important to note that every case is subject to these checks and once the results have cleared, then and only then, will a decision be rendered. Each case is decided upon by an individual basis. We apologize for any inconvenience.**

Thank you for the opportunity to assist you in this matter.

RECEIVED
2006
IMMIGRATION ... BALTIMORE

# EXHIBIT M

PAUL S. SARBANES
MARYLAND

PLEASE REPLY TO:
TOWER I, SUITE 1710
100 S. CHARLES STREET
BALTIMORE, MD 21201-2700
(410) 962-4436

# United States Senate

WASHINGTON, DC 20510-2002

November 15, 2004

Mr. and Mrs. Asaf Paran
6203 Western Run Drive
Baltimore, Maryland 21209

Dear Mr. and Mrs. Paran:

I wanted to let you know I have received the following information from the U.S. Citizenship and Immigration Services, Baltimore District Office in response to the inquiry made on your behalf. The Service is reporting a written reply will be forwarded to you within the next sixty to ninety days.

I hope this information is helpful to you. Please do not hesitate to contact Joyce Revell of my staff if you have any further questions regarding this matter.

With best regards,

Sincerely,

Paul Sarbanes

Paul Sarbanes
United States Senator

PSS/jdr

# EXHIBIT N

PAUL S. SARBANES
MARYLAND

PLEASE REPLY TO:
TOWER I, SUITE 1710
100 S. CHARLES STREET
BALTIMORE, MD 21201-2700
(410) 962 4436

# United States Senate

WASHINGTON, DC 20510-2002

March 23, 2005

Mr. and Mrs. Asaf Paran
6203 Western Run Drive
Baltimore, Maryland 21209

Dear Mr. and Mrs. Paran:

Thank you for your most recent inquiry to my office regarding the status of your application for adjustment of status currently located in the Baltimore District Office of the Citizenship and Immigration Services.

In reviewing your file, Joyce Revell of my staff found the enclosed written response from the District Office which confirms that the security clearance checks are pending and causing the delay in finalizing your application.

I hope this information will be helpful to you. Please contact Joyce if you have any further questions regarding this matter.

With best regards,

Sincerely,

Paul Sarbanes
Paul Sarbanes
United States Senator

PSS/jdr

# EXHIBIT O

NOV 16 2004

*Office of the District Director*

**U.S. Department of Homeland Security**
31 Hopkins Plaza, Suite 700
Baltimore, Maryland 21201

U.S. Citizenship
and Immigration
Services

November 9, 2004

The Honorable Paul Sarbanes
United States Senator
100 South Charles Street
Tower I, Suite 1710
Baltimore, Maryland 21201

Attn: Joyce Revell

Dear Senator Sarbanes:

Reference is made to your inquiry regarding the case of Asaf Paran, Service file number A97153695. Specifically, you are requesting that the Service advise you as to the status of Mr. Paran's Application to Adjust Status, Form I-485.

Review of his Service records reflects that Mr. Paran's case contains certain complexities which must be resolved before we may proceed with his application. Please be advised that review of such cases often requires that processing of the case extend beyond the normal processing time frames. Rest assured that once a final decision is made on his application, Mr. Paran will receive written notification from this Service.

Thank you for the opportunity to assist your office in this matter.

Sincerely,

Richard C. Caterisano
District Director

# EXHIBIT P

BENJAMIN L. CARDIN
UNITED STATES SENATOR
MARYLAND

United States Senate
Washington, DC 20510

September 28, 2007

Mr. Asaf Paran
6612 Bonnie Ridge Drive, Apartment T1
Baltimore, Maryland 21209

Dear Mr. Paran:

Enclosed please find a copy of the reply I have received from U.S. Citizenship and Immigration Services, Baltimore District Office regarding the inquiry I made on your behalf.

I regret that the reply from U.S. Citizenship and Immigration Services, Baltimore District Office could not have been more favorable. However, I hope the information provided is helpful to you in understanding the agency's position.

Please do not hesitate to contact my office if you feel we can be of additional assistance. Best wishes.

Sincerely,

Benjamin L. Cardin

Benjamin L. Cardin
United States Senator

BC: jr
Enclosure

Reply To: ☐ 509 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510-2004
(202) 224-4524
WWW.CARDIN.SENATE.GOV

Printed on
Recycled Paper

Reply To: ☐ TOWER 1 SUITE 1710
100 S. CHARLES STREET
BALTIMORE, MD 21201
(410) 962-4436